# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>ex rel. §<br>§<br>THE STATE OF TEXAS §<br>ex rel. §<br>§<br>PATRICIA M. CARROLL, §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>PLANNED PARENTHOOD GULF §<br>COAST, INC. f/k/a PLANNED §<br>PARENTHOOD OF HOUSTON AND §<br>SOUTHEAST TEXAS, INC., §<br>§<br>Defendants. | Civil Action No.: 4:12-cv-03505 |

## DEFENDANT PLANNED PARENTHOOD GULF COAST, INC.'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Planned Parenthood Gulf Coast, Inc. ("PPGC") responds to and answers the First Amended Original Complaint ("Amended Complaint") of Plaintiff/Relator Patricia M. Carroll ("Carroll") as follows:

1.  Paragraph 1 does not state any allegations, and to the extent any allegations are stated PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.  PPGC admits that it has provided services of testing and screening, including the drawing of blood for tests, for certain sexually transmitted diseases and HIV to youth who resided at the Gulf Coast Trade Center and has received Medicaid funds for these services. The remaining allegations of Paragraph 2 are denied. Further, to the extent the allegations in

Paragraph 2 imply that PPGC has violated the federal False Claims Act or the Texas Human Resources Code, or engaged in any wrongful conduct, those allegations are denied.

3. PPGC admits that Carroll purports to bring this action on behalf of the United States of America and the State of Texas, but denies that Carroll has any right to bring such action or that Carroll, the United States of America, or the State of Texas are entitled to any relief.

4. PPGC admits that Carroll purports to bring this action on behalf of the United States of America and the State of Texas, but denies that Plaintiff has any right to bring such action or that Plaintiff, the United States of America, or the State of Texas are entitled to any relief.

## PARTIES

5. PPGC admits that Carroll was an employee of PPGC from October 2007 until she resigned her position, and that she was employed as an Accounts Receivable Manager. The remaining allegations of Paragraph 5 are denied.

6. The allegations in Paragraph 6 that Planned Parenthood submits Medicaid to the Managed Care Organizations contracted to administer Title XIX funds on behalf of the State of Texas Medicaid Program is unclear as drafted and therefore denied. PPGC admits the remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 contain legal conclusions to which PPGC need not respond. If this paragraph constitutes factual allegations, PPGC denies that Carroll has any claim under the False Claims Act or the Texas Human Resources Code.

8. PPGC admits that it resides in and transacts business in the Southern District of Texas, and that the Court may exercise personal jurisdiction over PPGC, but denies that Carroll has any claim under the False Claims Act or the Texas Human Resources Code.

9. The allegations in Paragraph 9 contain legal conclusions to which PPGC need not respond. If this paragraph constitutes factual allegations, PPGC denies that Carroll has any claim under the False Claims Act or the Texas Human Resources Code.

10. PPGC admits that venue is proper and that it can be found in, resides in, and/or transacts business in the Southern District of Texas, but denies that any violations of 31 U.S.C. § 3729 occurred.

## GULF COAST TRADE CENTER

11. PPGC admits that from approximately 2002 to 2012 it provided services to youths who resided at Gulf Coast Trade Center and that many of them received Medicaid benefits. PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 11 relating to Gulf Coast Trade Center, and therefore denies them. PPGC denies the remainder of the allegations in Paragraph 11.

## MEDICAID

12. The allegations in Paragraph 12 are not factual allegations made against PPGC and therefore no response by PPGC is necessary. To the extent necessary, PPGC admits the allegations in Paragraph 12.

13. The allegations in Paragraph 13 are not factual allegations made against PPGC and therefore no response by PPGC is necessary. To the extent necessary, PPGC denies that the allegations in Paragraph 13 are relevant to the Amended Complaint, but admits the remainder of the allegations in Paragraph 13.

14. The allegations in Paragraph 14 are not factual allegations made against PPGC and therefore no response by PPGC is necessary. To the extent necessary, PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. The allegations in Paragraph 15 are not factual allegations made against PPGC and therefore no response by PPGC is necessary. To the extent necessary, PPGC admits that the Texas Medicaid & Healthcare Partnership is a Texas state Medicaid contractor.

16. The allegations in Paragraph 16 are not factual allegations made against PPGC and therefore no response by PPGC is necessary. To the extent necessary, PPGC admits that TMPH was a claims administrator for the Texas Medicaid Program.

17. PPGC admits the allegations in Paragraph 17.

18. PPGC admits the allegations in Paragraph 18.

19. PPGC denies the allegations in Paragraph 19.

20. PPGC denies the allegation in Paragraph 20 that any fraud occurred. PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20(A) relating to the Texas Youth Commission and therefore denies them. PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20(B) and therefore denies them. PPGC denies the allegations in Paragraph 20(C). PPGC denies the allegations in Paragraph 20(D). PPGC denies the allegations of Paragraph 20(E), except admits that Mr. Asencio (not "Asendio") went to the Gulf Coast Trade Center to provide STD education, counseling, and testing. PPGC denies the allegations in Paragraph 20(F). PPGC admits that the Accounts Receivable staff would batch the approved claims

numbers for transmission, but denies the remaining allegations in Paragraph 20(G). PPGC denies the allegations in Paragraph 20(H). PPGC denies the allegations in Paragraph 20(I).

## FRAUDULENT ACTS

21. PPGC denies the allegations in Paragraph 21.

22. PPGC denies the allegations in Paragraph 22.

## INTENT TO COMMIT FRAUD

23. PPGC denies the allegations in Paragraph 23.

## SUMMARY OF FACTS COMMON TO ALL CLAIMS FOR RELIEF

24. PPGC admits that certain PPGC staff met with Carroll to discuss her complaints, but denies the remaining allegations in Paragraph 24, including all allegations and/or implications of fraudulent activity by PPGC or any of its employees.

25. PPGC denies the allegations in Paragraph 25, including all allegations and/or implications of fraudulent activity.

25.1 As to the allegations of Paragraph 25.1 concerning the purported contents of an e-mail dated April 16, 2012, the allegations are Relator's characterization of a purported email. The document is the best evidence of its contents and speaks for itself. PPGC denies the allegations in Paragraph 25.1.

25.2 As to the allegations of Paragraph 25.2 concerning the purported contents of an e-mail dated May 4, 2012 and certain draft and final letters, the allegations are Relator's characterization of those documents. The documents are the best evidence of their contents and speak for themselves. PPGC denies the allegations in Paragraph 25.2.

## RATIFICATION AND PERPETUATION OF FRAUD BY PLANNED PARENTHOOD

26. PPGC denies the allegations in Paragraph 26.

27. PPGC admits that Carroll talked with Jay Meisel (not "Meisley") at Planned Parenthood Federal of America in Washington, D.C. about certain allegations, that Mr. Meisel subsequently called Carroll, and that an attorney from King & Spalding (not "Spaulding") called Ms. Carroll. PPGC denies the remaining allegations in Paragraph 27.

28. PPGC admits that Carroll had discussions with Human Resources, but denies the remaining allegations in Paragraph 28, including any allegation or implication that any claim was fraudulent, false and/or ineligible or that any fraud occurred.

29. PPGC admits writing off certain claims associated with Gulf Coast Trade Center but otherwise denies the allegations in Paragraph 29.

## CARROLL REPORTS FRAUD

30. PPGC denies the allegations in Paragraph 30.

31. PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies the allegations, and also specifically denies the allegation and/or implication that any violation of the False Claims Act occurred. The allegations in Paragraph 31 also contain legal conclusions to which PPGC need not respond.

32. PPGC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and denies the allegations, and also specifically denies the allegations and/or implication that any violation of Texas law occurred. The allegations in Paragraph 32 also contain legal conclusions to which PPGC need not respond.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF-VIOLATIONS COMMITTED UNDER THE FEDERAL FALSE CLAIMS ACT

31 U.S.C. 3729-3733 – § 3729. False Claims

A. Violation of 31 U.S.C. § 3729(a)(I)(A)

33. PPGC admits that it is a Family Planning Clinic. PPGC denies the remaining allegations in Paragraph 33, including the allegations and/or implication that any violation of the False Claims Act occurred.

B. Violation of 31 U.S.C. § 3729(a)(I)(B)

34. PPGC denies the allegations in Paragraph 34, including the allegations and/or implication that any violation of the False Claims Act occurred.

C. Violation of 31 U.S.C. § 3729(a)(I)(G)

35. PPGC admits that it submitted certified letters refunding monies to the State of Texas and Medicaid MCOs on or about May 4, 2012 via the United States Postal system. PPGC denies all remaining allegations in Paragraph 35, including the allegation and/or implication that any violation of the False Claims Act occurred.

### SECOND CLAIM FOR RELIEF-VIOLATIONS COMMITTED UNDER THE TEXAS HUMAN RESOURCES CODE

36. PPGC incorporates herein its answers, admissions and denials to Paragraphs 1-35.

37. PPGC denies the allegations in Paragraph 37, including the allegation and/or implication that any violation of the Texas Human Resources Code occurred.

### RECOVERY AND PENALTIES

38. PPGC denies the allegations in Paragraph 38, including that Carroll, the United States, or the State of Texas is entitled to any damages or relief whatsoever.

39. PPGC denies the allegations in Paragraph 39, including that Carroll, the United States, or the State of Texas is entitled to any damages, reimbursements, civil penalties, interest, costs, expenses, and/or attorneys' fees whatsoever.

## REQUEST FOR JURY TRIAL

40. The allegations in Paragraph 40 concerning a jury demand require no response. To the extent necessary, PPGC admits that Carroll has demanded a jury trial.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

PPGC alleges the following affirmative defenses to the Amended Complaint without assuming the burden of proof where such burden is otherwise on the Relator pursuant to applicable law. PPGC reserves the right to amend and/or supplement its affirmative defenses as more information becomes known during the course of discovery.

1. Unless specifically admitted herein, PPGC denies each and every allegation of the Amended Complaint, including unnumbered paragraphs and headings.

2. Carroll's claims are barred for failure to state a claim upon which relief can be granted.

3. Carroll's claims are barred, in whole or in part, because Carroll, the United States, and the State of Texas would be unjustly enriched were any of them to be awarded damages.

4. Carroll's claims are barred, in whole or in part, because neither the United States nor the State of Texas has suffered any loss or damages in this action under the False Claims Act or under Texas law. Carroll's request to recover any monies on behalf of the United States is barred by the Eighth Amendment of the United States Constitution.

5. To the extent Carroll seeks damages and/or penalties above and beyond actual damages, the Amended Complaint is unconstitutional as it is in violation of the Eighth Amendment of the United States Constitution.

6. Carroll's claims are barred, in whole or in part, because the issues in this case are matters of regulatory interpretation and enforcement and not the proper subject of a False Claims Act suit or the Texas Human Resources Code.

7. Carroll's claims are barred, in whole or in part, because PPGC lacked the requisite *scienter* for liability to attach under the applicable statutes and relied in good faith on the advice of others.

8. Carroll's claims are barred, in whole or in part, because the United States and/or the State of Texas had knowledge of all facts relevant to the allegations in the Amended Complaint.

9. Carroll's claims are barred, in whole or in part, because PPGC reasonably and justifiably relied upon third parties, both private and governmental, regarding the submissions of claims, and is therefore not liable under the False Claims Act or the Texas Human Resources Code.

10. Carroll's claims are barred, in whole or in part, by the applicable statute of limitations.

11. Carroll's claims are barred, in whole or in part, because she has failed to plead with particularity the essential elements of the claim for fraud.

12. Carroll's claims are barred, in whole or in part, because any damages sustained, if any, were caused or contributed to by the acts and/or omissions or fault of others.

13. Carroll's claims are barred, in whole or in part, by the doctrine of waiver.

14. Carroll's claims are barred, in whole or in part, by the doctrines of estoppel and quasi-estoppel.

15. Carroll's claims are barred, in whole or in part, by the doctrine of ratification.

16. Carroll's claims are barred, in whole or in part, by the doctrine of unclean hands.

17. Carroll's claims are barred, in whole or in part, by the doctrine of res judicata.

18. Carroll's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

19. Carroll's claims are barred, in whole or in part, by the doctrine of release.

20. Carroll's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

21. Carroll's claims are barred because PPGC has fully performed its obligations under the applicable agreements and law.

22. PPGC reserves the right to seek its attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(g) and any other statutory provision or other authority applicable to this cause.

## **PRAYER**

WHEREFORE, PPGC prays that Patricia M. Carroll take nothing by her allegations, that PPGC have judgment for its costs and attorneys' fees, and that PPGC be granted such other and further relief to which it may be shown justly entitled.

Dated: June 5, 2014                                    Respectfully submitted,


                                                       */s/ Sarah Teachout*
                                                       Sarah R. Teachout
                                                       Texas Bar No. 24008134
                                                       Fed. No. 38496
                                                       steachout@akingump.com
                                                       Attorney-In-Charge
                                                       Mary L. O'Connor (of counsel)
                                                       Texas Bar No. 15186900
                                                       Fed. No. 24306
                                                       moconnor@akingump.com
                                                       Lindsey B. Harmon (of counsel)
                                                       Texas Bar No. 24067963
                                                       Fed No. 106898
                                                       lharmon@akingump.com
                                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                                       1700 Pacific Avenue, Suite 4100
                                                       Dallas, TX 75201-4624
                                                       Telephone:  214-969-2800
                                                       Fax:  214-969-4343

                                                       John Grantham (of counsel)
                                                       Texas Bar No. 24059847
                                                       Fed. No. 872127
                                                       jgrantham@akingump.com
                                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                                       1111 Louisiana, 44th Floor
                                                       Houston, TX 77002
                                                       Telephone:  713-220-5800
                                                       Fax:  713-236-0822

## CERTIFICATE OF SERVICE

On June 5, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to all attorneys of record registered under ECF who are entitled to notice.

*/s/ Sarah Teachout*
